THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

KIMBERLY R. WISDOM,

    Plaintiff,

v.                                 Case No._____
                                               JURY DEMANDED

FIRST ASSEMBLY OF GOD CHURCH OF MEMPHIS and
FIRST ASSEMBLY CHRISTIAN SCHOOL,

    Defendant.

---

## COMPLAINT

---

Plaintiff Kimberly Wisdom brings this cause of action against the Defendants for compensatory and punitive damages arising from disability, sex, and age discrimination and would show this Honorable Court and a jury of her peers the following:

### Parties, Jurisdiction, and Venue

1. Plaintiff Kimberly Wisdom ("Wisdom") is a resident of Shelby County, Tennessee, and resides at 10105 Gillespie Oak Drive, Lakeland, Tennessee 38002.

2. Defendant First Assembly of God Church of Memphis ("FAGCM") is a Tennessee Corporation with its principal place of business located 8650 Walnut Grove Road, Memphis, Tennessee 38018. FAGCM may be served via its Registered Agent for

Service of Process Vance Owen. FAGCM employs the requisite number of employees for coverage under Title VII of the Civil Rights Act. At all times relevant hereto, FAGCM was the employer of the Plaintiff.

3. Defendant First Assembly Christian School ("FACS") is a Tennessee private school located at 8650 Walnut Grove Road, Memphis, Tennessee 38018. FACS may be served process to its Principal Wendell Meadows. FACS employs the requisite number of employees for coverage under Title VII of the Civil Rights Act. At all times relevant hereto, FACS was the employer of the Plaintiff.

4. Jurisdiction is proper under 28 U.S.C. § 1331, the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.;* the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.;* Title VII of Civil Rights Act, 42 U.S.C. §2000e-5, *et seq.;* Tennessee Human Rights Act, T.C.A. §4-21-101 *et seq;* and the Common Law.

5. All conditions precedent to jurisdiction under 42 U.S.C. §2000e-5(f)(3) have occurred or been complied with, to wit: Wisdom submitted a Charge of Discrimination to the Equal Employment Opportunity Commission (hereinafter "EEOC"), a "Right to Sue" letter was received by the Plaintiff from the EEOC on the charge, and this action was filed within 90 days of receiving her "Right to Sue" letter. A copy of the "Right to Sue" letter is attached hereto as Exhibit A.

6. This action is also based upon the common law of promissory estoppel, breach of contract, and a tortious breach of an implied covenant of good faith and fair dealing.

7. This action is also based upon an employment termination in violation of the law and

public policy of Tennessee.

8. This Court has supplemental jurisdiction over Plaintiff's state law claim(s) pursuant to 28 U.S.C. §1367.

9. The acts upon which this lawsuit are based arose in Shelby County, Tennessee making venue proper in this Court

10. Therefore, based upon the above and supported by the following facts, this Court has jurisdiction over the parties, and subject matter and venue, pursuant to 28 U.S.C. 1391(b), are proper in this court.

## Facts

11. Wisdom is a Caucasian female over the age of forty (40) that suffers from Multiple Sclerosis.

12. Wisdom was an exemplary employee with FACS for over 6 years.

13. Wisdom became an employee of FACS in March 2005 as a teacher assistant and was promoted to a Junior Kindergarten teacher in 2006.

14. Wisdom was diagnosed with Multiple Sclerosis in 2002.

15. FAGCM and FACS (hereinafter "Employer" or "Defendants") management knew that Ms. Wisdom suffered from Multiple Sclerosis and would experience disabling episodes from time to time.

16. Defendants knew of her disability and perceived Wisdom as disabled due to the common knowledge and discussion of her disability amongst Defendants' staff and her episodic tripping and falling on the job.

17.     Defendants directly questioned Wisdom's ability to perform her position as Junior Kindergarten teacher and/or teaching assistant due to her disability and ultimately terminated her due to her disability.

18.     Defendants discriminated against Wisdom for an actual and/or perceived disability.

19.     Wisdom is an individual with a "disability" as that term of art is defined under the ADA or was "regarded as disabled" by Defendants. Wisdom's disability can substantially limit her major life activities of walking, lifting, sleeping, caring for herself, dealing with work related stress, and working in a class or range of jobs.

20.     On or about May 2011, a playground incident involving multiple minor students occurred.  Though Ms. Wisdom was not present or responsible for monitoring this situation, Defendants used this situation as pretext to terminate Ms. Wisdom's employment.

21.     Three other teachers were present on the playground at the time of the incident and were responsible for monitoring the minor students.  However, Defendants did not discipline any of these teachers.

22.     At all relevant times hereto, Wisdom was over the age of forty (40) and therefore, a member of the protected class for age discrimination.

23.     After terminating Wisdom, Defendants replaced Wisdom with younger employees, below age 40, who assumed Wisdom's duties and responsibilities.

24. Upon information and belief, Defendants terminated Wisdom so a younger employee could assume her job duties.

25. Upon information and belief, Defendants pay/paid these younger employees less money to perform the same duties as Wisdom.

26. Defendants discriminated against Wisdom on the basis of her age.

27. During Ms. Wisdom's tenure with Defendants, she was subjected to sexual harassment when Defendants' management made sexist, unprofessional comments, gestures, and jokes in front of Wisdom.

28. This sexual harassment created a hostile work environment for Wisdom.

29. On May 23, 2011 Wisdom was wrongfully terminated from her employment with Defendants on the basis of disability, age and sex discrimination, despite the fact she signed an employment contract for the upcoming school year and provided it to Defendants' management.

30. Defendants breached her employment contract by terminating her employment without cause and in violation of the specific terms of the contract.

31. Defendants' termination was pretext for Defendants' true motivation, which was discrimination based on Wisdom's disability, age, and sex.

## Causes of Action

32. Defendants discriminated against Wisdom by terminating her on the basis of her actual and perceived disabilities in violation of the Americans with Disabilities Act.

33. Defendants committed discrimination against Wisdom when it terminated her

on the basis of age, 43, in violation of Title VII of the Civil Rights Act.

34. Defendants discriminated against Wisdom on the basis of sex when it created a hostile work environment in violation of Title VII of the Civil Rights Act when Defendants' management made sexist, unprofessional comments, gestures, and jokes in front of Wisdom.

35. Defendants' conduct complained of herein constitutes a wrongful discharge in violation of the laws and public policy of the State of Tennessee.

36. Defendants' conduct complained of herein constitutes a breach of contract in violation of the Common Law.

37. Defendants' conduct complained of herein constitutes a violation of the Common Law of the State of Tennessee, including, but not limited to Hostile Work Environment.

38. As a result of these violations, Wisdom seeks recovery for back pay, front pay, emotional distress, reinstatement, all benefits incident to employment, compensatory and liquidated damages, punitive damages, attorney fees, interests, and costs.

WHEREFORE, PREMISES CONSIDERED, Wisdom prays the Court will enter a judgment against Defendants for the relief set forth herein including all compensatory damages available, equitable relief available, liquidated damages, punitive damages, attorney fees, interest, cost, and any further specific or general relief that the Plaintiff shows herself to be justly entitled.

RESPECTFULLY SUBMITTED this the 26th day of September, 2012.

LAW OFFICE OF J. HOUSTON GORDON

BY: __/ William A. Wooten/_____
    WILLIAM A. WOOTEN (#026674)
    J. HOUSTON GORDON (#07523)
    Attorneys for Plaintiff
    P. O. Box 846
    Suite 300, Hotel Lindo Bldg.
    114 W. Liberty Avenue
    Covington, TN 38019-0846
    (901) 476-7100/Telephone
    (901) 476-3537/Facsimile

We acknowledge ourselves as sureties for the costs of this cause not to exceed One Thousand Dollars ($1,000.00).

/William A. Wooten/
_____

LAW OFFICE OF J. HOUSTON GORDON